UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE GONZALEZ, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER,<br><br>Defendant. | No. 1:23-cv-00280-KES-EPG<br><br>ORDER GRANTING MOTION TO REMAND<br><br>(Docs. 12, 20) |

Plaintiffs Irene Gonzalez, Francine McGivern, and Sheldon Schlesinger move to remand this action to the Fresno County Superior Court, arguing this action was improperly removed. Motion to Remand ("Motion"), Doc. 12. Defendant Fresno Community Hospital and Medical Center ("Fresno Community") opposes the Motion. Opposition to Motion ("Opposition"), Doc. 18. This matter is suitable for resolution without a hearing pursuant to Local Rule 230(g). For the reasons set forth below, plaintiffs' Motion is granted.

**I.  BACKGROUND**

On November 23, 2022, plaintiffs, who are users both of Facebook and of Fresno Community's online patient portal and website, filed this putative class action in Fresno County Superior Court. Notice of Removal, Doc. 1, Ex. A ("Complaint") at ¶¶ 4, 74. Plaintiffs allege Fresno Community permitted Facebook to learn the contents of plaintiffs' private

1

communications to Fresno Community without plaintiffs' consent. *Id.* at ¶ 2. Plaintiffs allege that they and others communicated private medical information to Fresno Community through communitymedical.org, a website that Fresno Community created. *Id.* at ¶¶ 4-5. Plaintiffs further allege that Fresno Community's website utilized Facebook Pixel, a code analytics tool, to track users and that Fresno Community knew that user communications, personal identities, and online activity related to medical treatment were disclosed to Facebook, a third party, without the users' consent. *Id.* at ¶¶ 26, 44, 75. Plaintiffs assert two causes of action: (1) Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631(a) and (2) Violation of the Confidentiality of Medical Information Act, Cal. Civil Code § 56.10(d). *See* Complaint, Doc. 1.

On February 24, 2023, Fresno Community removed the case to this court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Notice of Removal, Doc. 1 at 1. In its Notice of Removal, Fresno Community asserted that removal was proper, and that federal jurisdiction exists under the federal officer removal statute, because it is a person within the meaning of the statute, it was acting under a federal officer, and there was a causal nexus between the actions it took pursuant to federal direction and plaintiffs' claims. *Id.* at 5-10.

Plaintiffs move to remand this action, arguing that the federal officer removal statute does not confer jurisdiction over cases in which a healthcare provider is alleged to have implemented Facebook Pixel on its website in violation of state privacy laws. *See* Motion, Doc. 12 at 6. Fresno Community opposes the Motion, arguing that its website was designed to implement the federal government's goal of building a nationwide health information technology infrastructure, that it was acting at federal direction, and that therefore removal was proper under § 1442. *See* Opposition, Doc. 19 at 6.[1] Plaintiffs timely filed a reply. Reply to Motion ("Reply"), Doc. 22.

---

[1] Concurrently with its Opposition, Fresno Community filed an unopposed Request for Judicial Notice, Doc. 20, which is granted. The court takes judicial notice of the following exhibits to the Request for Judicial Notice: (1) Exhibit A, Executive Order 13,335 – Incentives for the Use of Health Information Technology and Establishing the Position of the National Health Information Technology Coordinator, dated April 27, 2004; (2) Exhibit B, Office of the National Coordinator for Health Information Technology's 2011-2015 Federal Health Information Technology Strategic Plan; (3) Exhibit C, Office of the National Coordinator for Health Information Technology's 2015-2020 Federal Health IT Strategic Plan; and (4) Exhibit D, Office of the National Coordinator for Health Information Technology's 2020-2025 Federal Health IT

2

## II. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "The federal officer removal statute permits removal of a state-court action against an 'officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1098–99 (9th Cir. 2018) (citing 28 U.S.C. § 1442(a)(1)). To invoke jurisdiction under the federal officer removal statute, a defendant must show that "(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and [the] plaintiff's claims; and (c) it can assert a colorable federal defense." *Doe v. Cedars-Sinai Health Sys.*, 106 F.4th 907, 913 (9th Cir. 2024) (quoting *Cnty of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755 (9th Cir. 2022)). "Unlike removal under § 1441 which is construed narrowly, federal officer removal must be liberally construed." *Id.* (internal quotation marks and citation omitted). However, the court may not expand the federal officer removal statute beyond its reach, "potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries." *Id.* (quoting *Cnty of San Mateo*, 32 F.4th at 757).

## III. DISCUSSION

The issue in dispute is whether Fresno Community acted under a federal officer when creating its online patient portal and website and whether there is a causal connection between an act directed by a federal officer and plaintiffs' claims. Motion, Doc. 12 at 10-13. The court, therefore, examines whether Fresno Community was acting under a federal officer's directions.

"To satisfy § 1442(a)(1)'s causal nexus requirement, [defendant] must demonstrate that it was acting under a federal officer in performing some act under color of federal office, i.e., that it

---

Strategic Plan. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (court may take judicial notice of information made publicly available by government entities); Fed. R. Evid. 201.

was involved in an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Cedars-Sinai Health Sys.*, 106 F.4th at 913 (internal quotations marks omitted). "[T]he mere 'fact that a federal regulatory agency directs, supervises, and monitors a company's activities in considerable detail' does not mean the company acts under a federal officer for removal purposes." *Id.* (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 145 (2007)). "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Watson*, 551 U.S. at 153.

To determine whether a private person is acting under a federal officer, courts consider whether (1) "the person is acting on behalf of the officer in a manner akin to an agency relationship[,]" (2) "the person is subject to the officer's close direction, such as acting under the 'subjection, guidance, or control' of the officer, or in a relationship which 'is an unusually close one involving detailed regulation, monitoring, or supervision[,]'" (3) "the private person is assisting the federal officer in fulfilling basic governmental tasks that the Government itself would have had to perform if it had not contracted with a private firm[,]" and (4) "the private person's activity is so closely related to the government's implementation of its federal duties that the private person faces a significant risk of state-court prejudice, just as a government employee would in similar circumstances, and may have difficulty in raising an immunity defense in state court." *Cnty. of San Mateo*, 32 F.4th at 756.

In support of removal, Fresno Community points to the legislative and regulatory background leading to its creation of its website and patient portal. Opposition, Doc. 19 at 7-11. Congress provided for the Centers for Medicare and Medicaid Services ("CMS") to make various incentive payments "to encourage healthcare providers to digitize medical records and make them available online to patients and medical care providers." *Cedars-Sinai Health Sys.*, 106 F.4th at 910. CMS created the "Meaningful Use Program," which CMS used to provide healthcare providers with objectives and measures for the providers to receive incentive payments or avoid reductions in Medicare reimbursements. *Id.* at 910-11. The federal government also established

the Office of the National Coordinator for Health Information Technology ("National Coordinator"), "with the hope that the [National] Coordinator might develop 'a nationwide health information technology infrastructure that allows for the electronic use and exchange of information.'" *Id.* at 910 (internal citations omitted).

Fresno Community argues that, by creating and implementing its website and patient portal, it acted in response to and in furtherance of federal directives. Opposition, Doc. 19 at 10. Specifically, Fresno Community argues that the federal government used private healthcare providers to fulfill a federal goal and that it has a "payment" relationship with the federal government that satisfies the requirement that it "acted under" a federal officer. *See id.* at 13. Fresno Community argues it followed the close direction of the federal government because the federal government "prescribe[d] a specific framework and guidelines for providers to follow, and the federal government monitored compliance," the government offered a model for providers to follow that uses third-party marketers like Facebook to increase engagement, and Fresno Community followed these directives when it created and implemented its website. *Id.* at 14, 17-18. Fresno Community also contends that, in the absence of its actions, the federal government "would be left alone to complete its federal mission" and would be responsible for building the electronic records system itself.[2] *Id.* at 18-19.

Fresno Community's arguments are not persuasive and are foreclosed by recent Ninth Circuit precedent. The Ninth Circuit recently rejected similar arguments by a healthcare organization in *Cedars-Sinai Health Sys.*, 106 F.4th 907, which held that the federal officer removal statute did not confer federal jurisdiction in three consolidated cases that likewise

---

[2] Fresno Community also contends that it faces a significant risk of state court prejudice. However, it fails to support this contention with any specific factual allegations, and "[w]hen a private entity subject to a regulatory order complies with that order, it does not necessarily create a risk of state-court prejudice, nor is a state-court lawsuit [ …] likely to hinder government employees in taking necessary action to enforce federal law." *Doe v. Washington Twp. Health Care Dist.*, No. 23-CV-05016-SI, 2023 WL 8438564, at *6 (N.D. Cal. Dec. 5, 2023). Moreover, as addressed below, Fresno Community fails to establish that it was "acting under" federal direction.

involved the Meaningful Use Program and the healthcare providers' use of third-party tracking software on their website and patient portal.[3]  106 F.4th at 916.  In *Cedars-Sinai Health Sys.*, the healthcare providers' website and patient portal used codes to track patients' interactions with the website to relay the information back to the healthcare providers and to third parties, such as Meta and Google.  *Id.* at 911-12.  The providers also submitted yearly reports attesting to their progress in implementing the Meaningful Use Program's objectives to take advantage of the federal incentive payments.  *Id.*  After the plaintiffs in *Cedars-Sinai Health Sys.* filed actions asserting violations of California law, the defendants removed the cases to federal court under the federal officer removal statute.

      The Ninth Circuit upheld the district court's orders remanding the cases to state court for lack of jurisdiction under § 1442.  The Court found that the healthcare providers in *Cedars-Sinai Health Sys.* did not assist the National Coordinator with delegated "basic government tasks" when they created and operated the patient portal and website.  *Id.*  The Court held that healthcare providers could not meet the requirement of acting under a federal officer by "simply complying with the law."  *Id.* at 917.  Instead, they would have had to show they were "helping the Government to produce an item it needs," which "generally involves a 'delegation of legal authority' from a federal entity."  *Id.* (quoting *Watson*, 551 U.S. at 156).

      Like the healthcare providers in *Cedars-Sinai Health Sys.*, Fresno Community has presented evidence that it has "complied with the broad requirements of the HITECH Act, which apply to any healthcare provider participating in the Meaningful Use Program."  *Id.*  But Fresno Community's voluntary participation in the Meaningful Use Program and compliance with its requirements does not make Fresno Community's website "a federal government website, or [one] that it is operated on the government's behalf or for the federal government's benefit."  *Id.*  While Fresno Community's actions may have advanced the government's policy, the website

---

[3] In *Cedars-Sinai Health Sys.*, the website and patient portal used Meta Pixel, a piece of code developed by Meta Platforms, Inc. (formerly Facebook, Inc.) that enables hospitals to track and share data about customers' transactions.  *Cedars-Sinai Health Sys.*, 106 F.4th at 911.  The website and portal also used Google Analytics tools to track and analyze patient interactions.  *Id.* at 911-12.

1    remains a "private website, built by a private entity, to serve that private entity's patients and
2    staff." *Id.*
3        Fresno Community's reliance on 42 C.F.R. § 495.20(f)(12)(i)(B) and 45 C.F.R.
4    § 170.314(e)(1)(i) was similarly rejected by the Ninth Circuit.[4]  In *Cedars-Sinai Health Sys.*, the
5    Ninth Circuit held that these regulations did not require the healthcare providers to create a
6    specific type of website nor impose sufficient federal oversight to demonstrate that the healthcare
7    providers acted under the direction of a federal officer.  *Id.*  The regulations and guidance Fresno
8    Community points to are general regulations and public directives regarding the development of
9    health information technology that provide the healthcare providers with "considerable
10   discretion" without the "'requisite federal control or supervision' that might warrant the exercise
11   of federal officer jurisdiction."  *Id.* (internal citation omitted).
12       The Ninth Circuit also rejected the argument that the receipt of federal incentive payments
13   confers federal officer removal jurisdiction.  *Id.* at 917-18.  Although in some cases payment by
14   the federal government may be evidence that a defendant acted under color of federal authority,
15   such payments must arise from a contract, employer/employee relationship, or principal/agent
16   arrangement.  *Id.* at 918.  Fresno Community has not alleged that any incentive payments it
17   received were from such a contractual, employer/employee, or principal/agent relationship.
18   While Fresno Community alleges that the federal incentive payments under the Meaningful Use
19   Program nonetheless confer federal officer removal jurisdiction, the Ninth Circuit in *Cedars-Sinai*
20   *Health Sys.* rejected such an argument as "impermissibly expanding the scope of § 1442(a)(1)
21   beyond its purview."  *Id*.
22       In sum, Fresno Community was not "acting under" a federal officer by participating in the

---

[4] 42 C.F.R. § 495.20(f)(12)(i)(B) provides that "[b]eginning 2014, [Meaningful Use Program participants should] provide patients the ability to view online, download, and transmit information about a hospital admission.  45 C.F.R. § 170.314(e)(1)(i) provides that "EHR technology must provide patients (and their authorized representatives) with an online means to view, download, and transmit to a 3rd party the data specified below. Access to these capabilities must be through a secure channel that ensures all content is encrypted and integrity-protected in accordance with the standard for encryption and hashing algorithms specified at §170.210(f)."

7

Meaningful Use Program or in creating and operating Fresno Community's online patient portal and website. Accordingly, § 1442 does not provide a basis for jurisdiction in this case.[5]

### IV.   CONCLUSION

Based upon the foregoing, it is ORDERED that:

1. Fresno Community's Request for Judicial Notice (Doc. 20) is granted.
2. Plaintiffs' Motion for Remand (Doc. 12) is granted.
3. This action is remanded to the Fresno County Superior Court for lack of subject matter jurisdiction.
4. The Clerk of Court shall mail a copy of this order to the clerk of the Fresno County Superior Court.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   October 3, 2024

UNITED STATES DISTRICT JUDGE

---

[5] As the "acting under" requirement of the federal officer removal statute is not met, the court need not examine whether the other requirements of § 1442 removal are met.